FILED
VANESSA L. ARMSTRONG, CLERK
JUL 16 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00072-GNS-LLK

CHARLES BUSH II                                                                                           PLAINTIFF

v.

WAL-MART STORES EAST, LIMITED PARTNERSHIP             DEFENDANT

## JURY INSTRUCTIONS

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the parties have proven their claims; and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I.     GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven the defendant liable on the claim by a preponderance of the evidence and if the defendant has proven the plaintiff liable on the counterclaim by a preponderance of the evidence.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and

1

these instructions. All the instructions are important, and you should consider them together as a whole. The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### A. <u>Evidence</u>

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**B.     Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e)     Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying

3

that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

C. **Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the plaintiff's claims. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The

lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II. JURY DELIBERATIONS

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 4-3, or 3-4, or whatever your vote happens to be. That should stay secret until you are finished.

### a. Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

  **b.** **<u>Unanimous Verdict</u>**

Your verdict or answer to any question must be unanimous. That is, all seven (7) members of the jury must agree on any answer to the question and verdict.

### c. Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the plaintiff has established every essential element of his claim by a preponderance of the evidence as to each claim.

### d. Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

# **INSTRUCTION NO. 1**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, you will fill out the verdict form as appropriate. You will then return with your verdict to the courtroom. All seven (7) of you must unanimously agree upon a verdict.

Please proceed to Instruction No. 2.

# INSTRUCTION NO. 2
## Burden of Proof

The Plaintiff has the burden of proving his case against the Defendant by what is called a "preponderance of the evidence." This means that the Plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. The term "preponderance of the evidence" does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

The Defendant has alleged that the Plaintiff failed to exercise ordinary care for his own safety and that was a substantial factor in causing his injury.

The Defendant has the burden of proving that allegation against the Plaintiff by what is called a preponderance of the evidence. In regard to that allegation this means that the Defendant has to produce evidence that, considered in light of all the facts, leads you to believe that what the Defendant claims is more likely true than not.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

Please proceed to Instruction No. 3.

# INSTRUCTION NO. 3

The term "ordinary care" as used in these instructions means such care as the jury would expect an ordinary prudent person or business to exercise under the same or similar circumstances.

Please proceed to Instruction No. 4.

# INSTRUCTION NO. 4
## Elements of the Plaintiff's Claim

It was Wal-Mart's duty to exercise ordinary care for the safety of its customers, including the Plaintiff. You will find Wal-Mart at fault if you are satisfied from the evidence as follows:

1. The Plaintiff's injuries were caused by slipping on a liquid substance; and

2. By reason of the presence of the liquid substance on the floor, the Defendant's floor was not in a reasonably safe condition for the use of its business invitees, including the Plaintiff; and

3. The Defendant knew, or in the exercise of ordinary care, should have discovered the liquid substance on the floor in sufficient time to have remedied the condition or warned the Plaintiff of its presence before he slipped on it; and

4. The Defendant's failure, in the exercise of ordinary care, to remedy the condition was a substantial factor in causing the Plaintiff's accident.

We, the jury, find the Defendant at fault by a preponderance of the evidence.

YES _____

NO _____

_____
FOREPERSON

If you have answered YES to this Instruction No. 4, please proceed to Instruction No. 5.

If you have answered NO to this Instruction No. 4, proceed no further with these Instructions and Interrogatory, and return the verdict form to a Court Security Officer.

# INSTRUCTION NO. 5
## Elements of the Defendant's Claim that the Plaintiff was at Fault

It was the Plaintiff's duty upon the occasion in question to exercise ordinary care for his own health and safety. If you are satisfied from the evidence that the Plaintiff failed to comply with this duty, and that such failure was a substantial factor in causing his injury, you shall find the Plaintiff at fault.

We, the jury, find the Plaintiff at fault by preponderance of the evidence.

YES _____

NO _____

_____
FOREPERSON

If you answered YES, please proceed to Instruction No. 6.

If you answered NO, please proceed to Instruction No. 7.

# INSTRUCTION NO. 6
## Comparative Fault

If you find the Defendant at fault in Instruction No. 4, and also find the Plaintiff at fault in Instruction No. 5, you will determine from the evidence and indicate in the blank spaces below what percentage of the total fault was attributable to each entity.

In determining the percentage of fault, you shall consider both the nature of the conduct of each entity at fault and the extent of the causal relation between his/its conduct and the injuries claimed by the Plaintiff.

Please assess the percentage of fault you believe are attributable to each party.

    Defendant: _____%

    Plaintiff: _____%

    Total:     100%

_____

FOREPERSON

# INSTRUCTION NO. 7
## Compensatory Damages

If you answer "yes" under instruction No. 4, then you shall award Plaintiff such a sum of money as will fairly and reasonably compensate him for any damages or injuries which you are satisfied from the evidence he sustained as a direct result of this accident including:

1. Expenses for medical services you believe from the evidence he has incurred.

2. Physical or mental suffering you are satisfied from the evidence he has sustained or is reasonably certain to endure in the future.

Indicate your award of damages, if any, by answering Interrogatory No. 1 on the next page.

# INTERROGATORY NO. 1

What sums, if any, will fairly and reasonably compensate the Plaintiff for any damages for the injury that you believe was sustained by him as a direct result of the alleged accident?

    A.    Reasonable medical expenses:    $_____

    B.    Pain and suffering:    $_____

TOTAL    $_____

_____
FOREPERSON

Your verdict form is complete, and you should notify the Court Security Officer.